UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. BRUZZONE,<br><br>Plaintiff,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | No. 2:18-cv-0865 KJM DB PS<br><br>ORDER |

Plaintiff, Michael Bruzzone, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the court are plaintiff's amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 11.) The amended complaint alleges that plaintiff discovered defendant Intel Corporation's "antitrust violations, espionage, theft, [and] racketeering activities[.]" (Am. Compl. (ECF No. 11) at 14.)

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, for the reasons stated below, plaintiff's amended complaint will be dismissed with leave to amend.

////

////

1

**I.      Plaintiff's Application to Proceed In Forma Pauperis**

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). In addition, a $50.00 general administrative fee for civil cases must be paid. 28 U.S.C. § 1914(b). The court may authorize the commencement of an action "without prepayment of fees . . . by a person who submits an affidavit" showing that he is unable to pay such fees. 28 U.S.C. § 1915(a).

Here, plaintiff's in forma pauperis application reflects that plaintiff has a net monthly income of $1,322 and $650 in a bank account. (ECF No. 2 at 1, 3.) Moreover, plaintiff's monthly expenses are only $1,050—of which $250 consists of "case support postage and printing" costs. (Id. at 3.) In this regard, it is unclear if plaintiff has made an adequate showing of indigency. See Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995) ("Requiring the payment of fees according to a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims.").

Moreover, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See

28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Amended Complaint

### A. Short and Plain Statement

In dismissing plaintiff's original complaint with leave to amend, the undersigned noted that the original complaint was "entirely devoid of factual allegations." (ECF No. 3 at 3.) Although plaintiff has attempted to allege some facts in the amended complaint, the amended complaint still lacks a short and plain statement of a claim.

In this regard, the 82-page amended complaint's factual allegations begin in 1992, when plaintiff was allegedly "recruited for secure data theft[.]" (Am. Compl. (ECF No. 11) at 20.) On

3

July 15, 1996, plaintiff "contacts Federal Bureau of Investigations . . . to relay industry observations of antitrust violations, espionage, racketeering." (Id.) "Retaliation continues into 1997 parallel [plaintiff's] prior employment observations of anti competitive activities across regional marketing areas of the United States." (Id. at 21.)

In "1996 or '97" "CEO Dr. Andy Grove . . . . coins [plaintiff] 'Intel Antichrist'" and plaintiff "coin's Dr. Andy Grove commandant of the Ghetto[.]" (Id.) Dr. Grove "lead a 15 year stock market rigging scheme[.]" (Id.) Intel's "two methods of racketeering are discontinued by Intel; supply signal cipher 1997 through 2016, Intel Inside 1993 with said program stage down by former Intel CEO Brian Krzanich begins 2017." (Id.)

As illustrated from the above example, it remains unclear exactly what allegedly wrongful conduct defendant engaged in, the specific facts surrounding that wrongful conduct, and what claims plaintiff is asserting against the defendant. As plaintiff was previously advised, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

**B.     Judicial Immunity**

The amended complaint names as a defendant the honorable William Alsup, a District Judge in the Northern District of California and challenges Judge Alsup's rulings in prior actions involving plaintiff. (Am. Compl. (ECF No. 11) at 1, 34.) However, Judge Alsup "is absolutely immune for judicial acts." Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). And "'horizontal appeal' from one district court to another . . . [is] improper." Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1392-93 (9th Cir. 1987).

**C. Venue**

Pursuant to 28 U.S.C. § 1391(b)

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In dismissing plaintiff's original complaint with leave to amend, the undersigned noted that it appeared that the Northern District of California may be the appropriate venue for plaintiff's filing. (ECF No. 3 at 4.) Plaintiff was ordered to address the issue of venue in the amended complaint. (Id. at 6.) Plaintiff did not. Instead, plaintiff filed a separate document in which plaintiff asserts that venue is proper in this district because a witness in the matter resides in this district and because this district is "a leading jurisdiction in vexatious litigant case assessment[.][1]" (ECF No. 12 at 2.)

As noted in the September 28, 2018 order, it appears from the court's research that defendant Intel resides in Santa Clara County, which is in the United States District Court for the Northern District of California. Plaintiff's in forma pauperis application alleges that this action is "related" to an action filed in the Northern District against "Intel Corporation's associate (outside) counsel[.]" (ECF No. 2 at 4.) And the complaint fails to allege where a substantial part of the events at issue occurred. In this regard, it is unclear from plaintiff's complaint if this is the appropriate venue for this action.

////

////

---

[1] It appears that plaintiff has been declared a vexatious litigant in the Northern District and is subject to a pre-filing order. See Bruzzone v. Intel Corporation, et al., No. C 14-1279 WHA (N.D. Cal. Aug. 19, 2014).

5

**III.    Leave to Amend**

For the reasons stated above, plaintiff's amended complaint must be dismissed.  The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, given the vague and conclusory nature of the amended complaint's allegations, the undersigned cannot yet say that granting further leave to amend would be futile.  Plaintiff's amended complaint will therefore be dismissed, and plaintiff will be granted further leave to file a second amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file a second amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

in itself without reference to prior pleadings. The second amended complaint will supersede the amended complaint, just as the amended complaint superseded the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in a second amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. The second amended complaint must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims. The second amended complaint must also be limited to no more than 30 pages and state the reasons why venue is proper in this district.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The amended complaint filed October 26, 2018 (ECF No. 11) is dismissed with leave to amend[2];

2. Within twenty-eight days from the date of this order, a second amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3] The second amended complaint must bear the case number assigned to this action, must be titled "Second Amended Complaint," and shall not be longer than 30-pages; and

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

DATED: April 2, 2019           /s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/bruzzone0865.dism.lta2.ord

---

[2] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[3] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.