UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. BRUZZONE, | No. 2:18-cv-0865 KJM DB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| INTEL CORPORATION, | |
| Defendant. | |

Plaintiff Michael Bruzzone is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motions to dismiss the second amended complaint and defendants' motions to declare plaintiff a vexatious litigant. (ECF Nos. 45 & 48.) For the reasons stated below, the undersigned will recommend that defendants' motions to dismiss be granted, the second amended complaint be dismissed without leave to amend, and defendants' motions to declare plaintiff a vexatious litigant be denied.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on April 10, 2018, by filing a complaint and a motion to proceed in forma pauperis. (ECF Nos. 1 & 2.) The undersigned granted plaintiff leave to file an amended complaint on September 28, 2018, and again on April 2,

////

1

2019.  (ECF No. 3 & 15.)  On April 30, 2019, plaintiff filed a second amended complaint.  (ECF No. 17.)  And on May 30, 2019, plaintiff paid the required filing fee.[1]

Although nearly impossible to decipher, the second amended complaint alleges, generally, that the "[d]efendants portray[ed] Plaintiff['s] claims [as] merit-less appear (sic) a blacklisting technique on malicious slander, libel, fraud and contract interference[.]"  (Sec. Am. Compl. (ECF No. 17) at 6.[2])  On June 24, 2019, defendant Intel Corporation ("Intel") filed a motion to dismiss pursuant to Rule 12(b)(3) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 26.)  On June 26, 2019, defendant Intel filed a motion to declare plaintiff a vexatious litigant.  (ECF No. 28.)  On July 19, 2019, defendant ARM, Inc., and ARM Holdings PLC, ("ARM"), also filed a motion to dismiss pursuant to Rule 12(b)(3) and Rule 12(b)(6), as well as a motion to declare plaintiff a vexatious litigant.  (ECF Nos. 34 & 35.)

On July 19, 2019, plaintiff filed an opposition to defendant Intel's motion to dismiss.  (ECF No. 39.)  Defendant Intel filed a reply on August 2, 2019.  (ECF No. 42.)  On August 2, 2019, plaintiff filed an opposition to defendant ARM's motion to declare plaintiff a vexatious litigant.  (ECF No. 46.)  Defendant ARM filed a reply on August 9, 2019.  (ECF No. 47.)  Plaintiff filed a sur-reply on August 15, 2019.[3]  (ECF No. 49.)

## STANDARD

### I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(3)

Rule 12(b)(3) allows a defendant to challenge a complaint for improper venue.  "Once a defendant has challenged venue, the plaintiff has the burden of demonstrating that venue is proper in the chosen district."  United Tactical Systems LLC v. Real Action Paintball, Inc., 108

---

[1] Despite having paid the required filing fee plaintiff filed a second motion to proceed in forma pauperis on July 1, 2019.  (ECF No. 33.)  Because plaintiff has paid the required filing fee, and because the second amended complaint is frivolous, the undersigned will recommend that plaintiff's motions to proceed in forma pauperis be denied.

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local Rules.  See Fed. R. Civ. P. 12; Local Rule 230.  Nonetheless, in light of plaintiff's pro se status, the undersigned has considered plaintiff's sur-reply in evaluating defendants' motions.

F.Supp.3d 733, 751 (N.D. Cal. 2015) (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)). "When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each defendant and as to each claim." Allstar Marketing Group, LLC v. Your Store Online, LLC, 666 F.Supp.2d 1109, 1126 (C.D. Cal. 2009) (quotation omitted). Where an action is filed in the wrong division or district the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

3

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them and matters of public record. <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

## ANALYSIS

### I.      Defendants' Motions to Dismiss

#### A.      Venue

Pursuant to 28 U.S.C. § 1391(b):

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In dismissing plaintiff's original complaint with leave to amend the undersigned advised plaintiff that it appeared that the United States District Court for the Northern District of California may be the proper venue for this action. In this regard, the undersigned noted that it appeared that defendant Intel resided in the Northern District and that plaintiff's in forma pauperis application alleged this action was related to an action filed in the Northern District.[4]

---

[4] It was also noted that plaintiff had been declared a vexatious litigant in the Northern District. (ECF No. 3 at 4.)

(ECF No. 3 at 4.)  Accordingly, plaintiff was ordered to address venue in the first amended complaint.  (Id. at 6.)  Plaintiff, however, did not.

Plaintiff was again advised about the undersigned's concerns regarding proper venue in an order dismissing the first amended complaint with leave to amend.  (ECF No. 15 at 6.)  Despite these repeated admonishments the second amended complaint fails to contain any allegations addressing why venue is proper in this judicial district.

Defendants have now moved to dismiss arguing that the Eastern District is not the proper venue for this action.  (Def. Intel's MTD (ECF No. 26) at 21; Def. ARM's MTD (ECF No. 34-1) at 7-8.)  And plaintiff's opposition to defendants' motions is nonsensical.  In this regard, plaintiff argues

> . . . as Northern District has raised question in this worldwide antitrust and RICO matter where in Santa Clara County sends plaintiff to burn at the stake, Alameda County are suspect industrial spy traps and law enforcement questions, and in San Francisco County Legal community historically entrenched on Intel Corp. Santa Clara Legal Department contract assignments.

(Pl.'s Opp.'n (ECF No. 39) at 30.)

As noted above, in the face of defendants' motions to dismiss for improper venue plaintiff has "the burden of showing that venue" is proper in this district.  Piedmont, 598 F.2d at 496. Plaintiff has failed to meet this burden.  Moreover, because the undersigned finds that the second amended complaint should be dismissed without leave to amend, as explained below, the undersigned finds that it would not be in the interest of justice to transfer this case.  See generally Lemon v. Kramer, 270 F.Supp.3d 125, 140 (D. D.C.  2017) ("The Court finds that it is not in the interest of justice to transfer this case because there are 'substantive problems' with the Complaint, which, in its current form, would face dismissal.").

Accordingly, the undersigned recommends that defendants' motions to dismiss due to improper venue be granted and the second amended complaint be dismissed.

### B.     Failure to State a Claim

As was true of plaintiff's prior complaints, the second amended complaint is unintelligible and devoid of factual allegations.  The second amended complaint also fails to clearly identify a

claim against a named defendant.  Instead, the second amended complaint consists of vague, conclusory, and nonsensical sentences.

For example, the second amended complaint alleges that "[i]in this action subject 18 U.S.C. § 1962(c) intent on conduct Defendants [**CLAIM**] do vicariously and maliciously interfere in Plaintiff business advantage engaged in, and promote his public punishment's (sic) harming in reputation and profession unreasonable to reasonable person is cognizable at 18 U.S.C. § 1964(c)."  (Sec. Am. Compl. (ECF No. 17) at 3-4.)  That "[a]bout a year ago Plaintiff speculates Intel associate attorneys throw Intel Corp. August 2014 vexatious filing retrospective into future time, so at some point in time, we can all get out of the middle of this corporate political mess."  (Id. at 5.)  And that in "earlier (sic) August 1997 Intel contract for [plaintiff] to provide his observations of anticompetitive conduct[.]"  (Id. at 6.)  However, plaintiff's "[o]bservations are covered up by Intel Corp. . . . fixers portray of (sic) [plaintiff] 'delusional', 'paranoid', 'force violence risk', unbelievable including 1999 through 2002 utilizing ibansik conditioning techniques intent to amplify traumatic stress and trigger on defendant key reactionary response."  (Id.)

As plaintiff has been repeatedly advised, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

**C.      Judicial Immunity**

The second amended complaint names as a defendant the honorable William Alsup, a District Judge in the Northern District of California, and seeks to challenge Judge Alsup's rulings in prior actions involving plaintiff.  (Sec. Am. Compl. (ECF No. 17) at 1.)  Specifically, the

second amended complaint refers to Judge Alsup's "false portrayal" and seeks a "**VOIDING** [of] Judge William Alsup['s] vexation ORDER[.]" (Id. at 1,5.)

However, Judge Alsup "is absolutely immune for judicial acts." Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); see also Bruzzone v. McManis, 785 Fed. Appx. 503 (9th Cir. 2019) ("The district court properly dismissed Bruzzone's claims against Judge Alsup as barred by judicial immunity because Judge Alsup's challenged actions were taken in his judicial capacity."). And "'horizontal appeal' from one district court to another . . . [is] improper." Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1392-93 (9th Cir. 1987).

Accordingly, for the reasons stated above, defendants' motions to dismiss should be granted.

## II. Leave to Amend

The undersigned has carefully considered whether plaintiff could further amend the second amended complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned has twice granted plaintiff leave to amend while advising plaintiff about the deficiencies noted above and how to cure those deficiencies. (ECF Nos. 3 & 15.)

Nonetheless, despite these repeated advisements plaintiff has been unable to successfully amend the complaint.[5]  Accordingly, the undersigned finds that it would be futile to grant plaintiff further leave to amend.

**III.    Defendants' Motions to Declare Plaintiff a Vexatious Litigant**

The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances."  De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits); see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007).

Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby."  California Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay."  Cal. Code Civ. Pro. § 391(b)(3).

Pre-filing review orders, in which a complainant is required to obtain approval from a United States Magistrate Judge or District Judge prior to filing a complaint, can appropriately be imposed in certain circumstances but "should rarely be filed."  DeLong, 912 F.2d at 1147; see also Molski, 500 F.3d at 1057.  "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to

[5] To the contrary, the second amended complaint is arguably less intelligible than the original complaint.

8

closely fit the specific vice encountered.'" <u>Ringgold-Lockhart v. County of Los Angeles</u>, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting <u>DeLong</u>, 912 F.2d at 1147-48).

Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's filings," a district court may not issue a pre-filing order. <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 618 (9th Cir. 1990). To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. <u>In re Powell</u>, 851 F.2d 427, 431 (9th Cir. 1988); <u>see also</u> <u>Moy v United States</u>, 906 F.2d 467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness."). "'The plaintiff's claims must not only be numerous, but also be patently without merit.'" <u>Ringgold-Lockhart</u>, 761 F.3d at 1064 (quoting <u>Molski</u>, 500 F.3d at 1059).

Alternatively, "the district court may make [a] finding that the litigant's filings 'show a pattern of harassment.'" <u>Ringgold-Lockhart</u>, 761 F.3d at 1064 (quoting <u>De Long</u>, 912 F.2d at 1148). However, courts "must be careful not to conclude that particular types of actions filed repetitiously are harassing, and must [i]nstead . . . discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." <u>Id</u>. (quoting <u>De Long</u>, 912 F.2d at 1148) (internal quotation marks omitted).

Here, defendants' motions to declare plaintiff vexatious recount plaintiff's "20-year history of unsuccessful, frivolous lawsuits against" the defendants. (Def. Intel's Vex. Mot. (ECF No. 28) at 6) (compiling cases). And plaintiff's repeated and frivolous filings have resulted in plaintiff being declared a vexatious litigant by the Northern District and the Santa Clara County Superior Court. <u>See</u> <u>Bruzzone v. McManis</u>, Case No. 18-cv-1235 PJH, 2018 WL 5734546, at *8 (N.D. Cal. Oct. 31, 2018) (granting motion to declare plaintiff vexatious); <u>Bruzzone v. Intel Corporation</u>, No. C 14-1279 WHA, 2014 WL 4090470, at *8 (N.D. Cal. Aug. 19, 2014) (same); Def. Intel's Ex. DD (ECF No. 28-32) at 2.[6]

---

[6] The court may take judicial notice of its own files and of documents filed in other courts. <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); <u>Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank</u>, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims);

It appears from the court's records, however, that this action represents plaintiff's lone filing in this district. While this action has been pending since 2018, plaintiff has not filed a new action. And in litigating this action pro se, plaintiff's filings have not been inordinate, abusive, or in reckless disregard of the orders of the court when compared to other pro se actions that come before the undersigned.

Moreover, if plaintiff were to file a future action in this district plaintiff will have to either seek leave to proceed in forma pauperis or pay the required filing fee. If plaintiff seeks leave to proceeds in forma pauperis the complaint will be subject to screening prior to service on any defendant. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Were plaintiff to instead pay the required filing fee other sanctions, including but not limited to monetary sanctions, would be available and might prove sufficient to prevent any future frivolous or harassing filings. See Ringgold-Lockhart, 761 F.3d 1057, 1065 (9th Cir. 2014) ("Before entering this broad pre-filing order . . . the district court assuredly should have considered whether imposing sanctions such as costs or fees on the Ringgolds would have been an adequate deterrent.").

The undersigned, however, will make an explicit finding that this action is frivolous. And explicitly cautions plaintiff that filing a new lawsuit based on the events related to this action may result in plaintiff being declared a vexatious litigant, may subject plaintiff to a pre-filing review order, and may result in plaintiff being ordered to pay a defendant's reasonable attorney fees. The undersigned anticipates that plaintiff will not file any new frivolous lawsuits related to the events at issue in this action.

For the reasons stated above, the undersigned finds that defendants' motions to declare plaintiff vexatious should be denied.

////

////

////

---

Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Defendant Intel's June 24, 2019 motion to dismiss (ECF No. 26) be granted;

2. Defendant ARM's July 19, 2019 motion to dismiss (ECF No. 34) be granted;

3. The April 30, 2019 second amended complaint be dismissed without leave to amend;

4. Defendant Intel's June 26, 2019 motion to declare plaintiff vexatious (ECF No. 28) be denied;

5. Defendant ARM's July 19, 2019 motion to declare plaintiff vexatious (ECF No. 35) be denied;

6. Plaintiff's April 10, 2018 motion to proceed in forma pauperis (ECF No. 2) be denied;

7. Plaintiff's July 1, 2019 motion to proceed in forma pauperis (ECF No. 33) be denied; and

8. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 16, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/bruzzone0865.mtd.f&rs

11